UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GOVERNOR C.L. "BUTCH" OTTER *et al.*, | ) ) ) |
| Plaintiffs, | ) ) ) Civil Case No. 09-2156 (RJL) |
| v. | ) ) |
| KEN SALAZAR *et al.*, | ) ) |
| Defendants. | ) |

MEMORANDUM ORDER
(June 19, 2010) [# 11, 17]

Governor C.L. "Butch" Otter, the Office of Species Conservation, Theodore Hoffman, Scott Nicholson, and L.G. Davison & Sons, Inc. (collectively, the "plaintiffs") have filed a complaint seeking declaratory and injunctive relief against various federal government officials (the "defendants"), including Ken Salazar, in his official capacity as U.S. Secretary of the Interior, and the U.S. Fish and Wildlife Service (the "Service"). The plaintiffs challenge the Service's October 8, 2009 decision to list slickspot peppergrass as a threatened species through its range under the Endangered Species Act, 16 U.S.C. §§ 1531-44 ("ESA"). Defendants filed a Motion to Transfer Venue to the District of Idaho pursuant to 28 U.S.C. §1404(a). For the following reasons, the defendants' Motion to Transfer Venue is GRANTED.

Slickspot peppergrass, *Lepidium papilliferum*, is an herbaceous annual or biennial plant endemic to the sagebrush-steppe ecosystem in southwestern Idaho. Listing

*Lepidium papilliferum* (Slickspot Peppergrass) as a Threatened Species Throughout Its Range ("Final Rule"), 74 Fed. Reg. 52,014, 52,015 (Oct. 8, 2009) (codified at 50 C.F.R. § 17.12 (2010)). Specifically, slickspot peppergrass is found in the Boise Foothills, Snake River Plain, and the Owyhee Plateau. *See id.* at 52,201. There is no evidence that the species has "ever been found anywhere outside of its present range in southwestern Idaho." *Id.* at 52,022. The District of Idaho has twice adjudicated decisions on the status of the slickspot peppergrass under the ESA. In these prior litigations, the Service's decisions to withdraw proposals to list the slickspot peppergrass as endangered were rejected and remanded to the Service for a new listing determination. *See Western Watersheds Project v. Foss*, No. 04-168, 2005 WL 2002473 (D. Idaho Aug. 19, 2005); *Western Watersheds Project v. Foss*, No. 04-168, 2006 WL 2868846 (D. Idaho Oct. 5, 2006); *Western Watersheds Project v. Kempthorne*, No. 07-161, 2008 WL 2338501 (D. Idaho June 4, 2008); *Western Watersheds Project v. Kempthorne*, No. 07-161, 2008 WL 4649130 (D. Idaho Oct. 17, 2008). The instant action stems from the Service's third determination regarding slickspot peppergrass, in which the Service issued a final rule listing it as a threatened species. Curiously, plaintiffs had participated as Intervenor-Defendants in the two previous rounds of litigation in the Idaho District Court.

Defendants move to transfer venue to the District of Idaho pursuant to 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or

2

division where it might have been brought." The statute vests discretion in the District Court to adjudicate motions for transfer on an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

While the plaintiff disagrees that this action can be brought in the District of Idaho, the venue provision for ESA citizens suits specifically provides: "Any suit under this subsection may be brought in the judicial district in which the violation occurs." 16 U.S.C. § 1540(g)(3)(A). Because the ESA venue provision is written with a permissive "may," rather than a mandatory word such as "must" or "shall," this lawsuit is clearly not restricted to the District of Columbia, where the decision to list the slickspot peppergrass was amended at defendant's headquarters. *See Northwest Forest Res. Council v. Babbitt*, No. 93-1579, 1994 WL 908586, at *2 (D.D.C. Apr. 13, 1994); *see also Otay Mesa Prop. L.P. v. U.S. Dep't of the Interior*, 584 F. Supp. 2d 122, 125 (D.D.C. 2008) (in an ESA citizens suit, assuming that venue and jurisdiction lay in both the District of Columbia and the Southern District of California, where the endangered species was located). Instead, because the general venue provision states that venue in a suit against the United States or its agencies is proper where "a substantial part of the events or omissions giving rise to the claim occurred," 28 U.S.C. § 1391(e), venue is clearly proper in the District of Idaho. The District of Idaho is a transferee district under § 1404(a) because this litigation "might have been brought" there.

Moreover, the interests of justice strongly favor transfer to Idaho. How so? First, the plaintiffs' choice of forum is entitled to less deference because the District of Columbia is not their home forum. *See Shawnee Tribe v. United States*, 298 F. Supp. 2d 21, 24 (D.D.C. 2002). Second, the plaintiffs' forum choice has no meaningful ties to the controversy and no particular interest in the parties or subject matter. *See McGovern v. Burrus*, 407 F. Supp. 2d 26, 28 (D.D.C. 2005). Indeed, the only connection to the District of Columbia is the fact that the Department of the Interior, headquartered in this District, has ultimate responsibility for the administration of the ESA. But as the record makes clear, the role played by officials in Washington was minor, and the Secretary did not have any special involvement in the listing decision. Foss. Decl., Def.'s Mot. Attach. 1, ¶¶ 3, 7, 8, 10; *see* Final Rule, 74 Fed. Reg. at 52,063 (stating that the "primary authors of this document are staff members of the Idaho Fish and Wildlife Office"). In fact, the decision at issue here was drafted mainly by Service staff in Boise, as were the two previous decision on the status of the slickspot peppergrass. Foss Decl. ¶¶ 3-4, 6-7. The majority of the public comments the Service received came from the residents of Idaho, and those from the regulated community impacted by the listing are also located in Idaho. *Id.* ¶¶ 6, 9. In short, this action's ties to the District of Columbia are tenuous, at best, and any impact of the listing determination is completely localized to Idaho: all potential activities that may affect the slickspot peppergrass are located in Idaho, including housing developments, oil pipelines, and electric transmission lines, all of which have localized

considerations in Idaho. Final Rule, 74 Fed. Reg. at 52,036.

With regard to the convenience of the parties and witnesses, all plaintiffs are residents of Idaho, most documents comprising the administrative record are in Idaho, and any potential witnesses likely reside in Idaho. Moreover, the listing status of the slickspot peppergrass has twice been adjudicated by the District of Idaho, indicating that transfer would serve the interest of judicial economy. *See Shawnee Tribe*, 298 F. Supp. 2d at 27. In fact, the Idaho Court has described itself as "familiar with the listing history and prior litigation involving slickspot peppergrass." *Western Watersheds v. Kempthorne*, No. 07-161, 2008 WL 2338501, at *3 (D. Idaho June 4, 2008).

In light of the above, the Court concludes that it is in the interest of justice to transfer this case to the District of Idaho under 28 U.S.C. § 1404(a), and it is hereby

**ORDERED** that defendants' Motion to Transfer Venue [# 11] is **GRANTED**; and it is further

**ORDERED** that plaintiffs' Motion for Leave to File a Surreply [# 17] is **DENIED**; and it is further

**ORDERED** that the above-captioned case be transferred to the District of Idaho.

**SO ORDERED.**

/s/ Richard J. Leon
RICHARD J. LEON
United States District Judge